**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────────

**No. 21-4129**

─────────────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MONTA OLANDER JORDAN, a/k/a Ghost,

Defendant - Appellant.

─────────────────

Appeal from the United States District Court for the Western District of Virginia, at Roanoke. Michael F. Urbanski, Chief District Judge. (7:17-cv-00056-MFU-1)

─────────────────

Submitted: November 9, 2022                    Decided: February 2, 2023

─────────────────

Before HARRIS and RUSHING, Circuit Judges, and FLOYD, Senior Circuit Judge.

─────────────────

Affirmed by unpublished per curiam opinion.

─────────────────

**ON BRIEF:** Paul G. Beers, GLENN, FELDMANN, DARBY & GOODLATTE, Roanoke, Virginia, for Appellant. Christopher R. Kavanaugh, United States Attorney, Roanoke, Virginia, Jennifer R. Bockhorst, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Abingdon, Virginia, for Appellee.

─────────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A federal jury convicted Monta Olander Jordan of conspiracy to possess with intent to distribute and distribute heroin, Fentanyl, methamphetamine, and cocaine, in violation of 21 U.S.C. § 846; possession with intent to distribute Fentanyl, in violation of 21 U.S.C. § 841(a); attempt to possess with intent to distribute cocaine, in violation of § 841(a); attempt to possess with intent to distribute heroin, in violation of § 841(a); and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c). Prior to the sentencing, the district court granted in part Jordan's Fed. R. Crim. P. 29, 33 motion for a judgment of acquittal or a new trial based on the Government's failure to tender exculpatory and impeachment evidence to the defense; the court thus vacated the firearm conviction. The court sentenced Jordan to 240 months of imprisonment, and he now appeals. We affirm.

On appeal, Jordan first argues that the district court erred in denying his motion to suppress all evidence obtained through the tracking of two of his vehicles, asserting that the affidavits in support of the warrants lacked probable cause and the court incorrectly found that the good faith exception applied. In reviewing a district court's ruling on a motion to suppress, we review legal conclusions de novo and the underlying factual findings for clear error, viewing the evidence in the light most favorable to the government. *United States v. Cloud*, 994 F.3d 233, 241 (4th Cir. 2021). The Fourth Amendment requires that the police obtain a warrant before installing a tracking device on a target's vehicle. *United States v. Jones*, 565 U.S. 400, 404 (2012). In an effort to deter police misconduct, courts apply the exclusionary rule to "evidence obtained in violation of a defendant's

2

Fourth Amendment rights." *United States v. Stephens*, 764 F.3d 327, 335 (4th Cir. 2014). But "exclusion of evidence has always been the last resort, not the first impulse," because it "exacts a heavy toll on both the judicial system and society at large." *Id.* (cleaned up). The exclusionary rule, therefore, is not applied "when the police act with an objectively reasonable good-faith belief that their conduct is lawful." *Id.*

In determining whether officers acted in good faith, we "begin with the assumption that there was not a substantial basis for finding probable cause" and question only whether "reliance on" the warrant at issue "was nevertheless reasonable." *United States v. Andrews*, 577 F.3d 231, 236 n.1 (4th Cir. 2009). "Usually, searches conducted pursuant to a warrant will rarely require any deep inquiry into reasonableness, for a warrant issued by a magistrate normally suffices to establish that a law enforcement officer has acted in good faith in conducting the search." *United States v. Perez*, 393 F.3d 457, 461 (4th Cir. 2004) (internal quotation marks omitted). However, good faith does not apply when the warrant's supporting affidavit is "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable. *United States v. Leon*, 468 U.S. 897, 923 (1984) (internal quotation marks omitted).

In assessing whether official belief in probable cause was "entirely unreasonable," our "inquiry is confined to the objectively ascertainable question whether a reasonably well trained officer would have known that the search was illegal," under all the circumstances. *Id.* at 922 n.23 (internal quotation marks omitted); *United States v. McKenzie-Gude*, 671 F.3d 452, 458-59 (4th Cir. 2011) ("*Leon* requires that [this Court] assess whether the officers harbored an objectively reasonable belief in the existence of this factual predicate."

3

(internal quotation marks omitted)).   "[A]n assessment of an officer's objective reasonableness . . . cannot turn on the subjective good faith of individual officers," but we may "consider[] the uncontroverted facts *known* to the officer, which he has inadvertently failed to disclose to the magistrate." *McKenzie-Gude*, 671 F.3d at 460 (internal quotation marks omitted); *see also United States v. Thomas*, 908 F.3d 68, 74 (4th Cir. 2018) (noting that we can look beyond the four corners of the affidavit because the omission was inadvertent and not in bad faith).   We "look to all the facts and circumstances of the case, including the nature of the unlawful activity alleged, the length of the activity, and the nature of the property to be seized."   *United States v. Farmer*, 370 F.3d 435, 439 (4th Cir. 2004).

Here, the Government conceded that the contested warrant applications failed to establish probable cause.  However, based on the officer's testimony regarding information known to him at the time of the applications, and the facts that a neutral magistrate granted the applications and two state court judges later renewed them, the district court determined that the officer had a reasonable belief that the resulting searches and gathering of evidence were lawful.  We agree.  The officer testified that he had recent information from several cooperating witnesses who provided information on Jordan's drug dealing activities and also made statements against their own penal interest, information that he inadvertently left out of the warrant applications.  Therefore, the officer's belief that he possessed probable cause was not unreasonable.

Jordan also challenges the district court's denial of his motion for a judgment of acquittal or a new trial on the drug counts based on the Government's violation of *Brady v.*

4

*Maryland*, 373 U.S. 83 (1963). We review a district court's denial of a Rule 33 motion for a new trial for abuse of discretion. *United States v. Wilson*, 624 F.3d 640, 660 (4th Cir. 2010). To receive a new trial based on a *Brady* violation, Jordan must "show that the undisclosed evidence was (1) favorable to him either because it is exculpatory, or because it is impeaching; (2) material to the defense, i.e., prejudice must have ensued; and (3) that the prosecution had [the] materials and failed to disclose them." *Id.* at 661 (internal quotation marks omitted). To establish that such favorable evidence is material, the defendant must show that, had the evidence been disclosed, there is a reasonable probability that the outcome of the proceeding would have been different. *United States v. Caro*, 597 F.3d 608, 619 (4th Cir. 2010).

Here, the Government failed to produce the recording of the interview of a cooperating witness who provided information to the Government about Jordan's activities. During the course of that interview, the witness took sole responsibility for the firearms Jordan was charged with possessing in the § 924(c) count. The district court found that this information, while material to the firearm charge, was not material to the drug charges. Given the extensive evidence of Jordan's involvement in narcotics trafficking, we agree. As the district court noted, the Government presented substantial evidence, unrelated to the firearm charge, that Jordan distributed controlled substances over the course of more than a year. Therefore, the court did not err in denying Jordan's request to vacate his drug convictions based on the *Brady* violation.

5

Accordingly, we affirm the judgment of the district court.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*